IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEJANDRO NUTE EDUARDO,<br>A Number: 204-943-300,<br><br>*Petitioner*,<br><br>V.<br><br>MIGUEL VERGARA, Field Office Director<br>of Enforcement and Removal Operations,<br>San Antonio Field Office, Immigration and<br>Customs Enforcement; *et al.*,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. SA-26-CV-00906-FB |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Alejandro Nute Eduardo's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1), and the Federal Respondents' ("Respondents") response (ECF No. 3). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas. Petitioner entered the United States in 2010, and upon entry Immigration and Customs Enforcement ("ICE") apprehended and released Petitioner. On October 16, 2020, Petitioner was turned over to ICE agents after serving a county jail sentence for a second DWI charge. ICE released Petitioner again. On October 16, 2025, Petitioner was turned over to ICE agents after serving a county jail sentence for third DWI charge. Respondents assert Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Petitioner alleges that he is entitled to a writ because his detention violates his rights to due process under the Fifth Amendment.

**DISCUSSION**

The Court considers whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Alejandro Nute Eduardo, A Number: 204-943-300, from custody, under reasonable conditions of supervision, to a public place no later than **July 17, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **July 20, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 14th day of July, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE